**No. 25-6052**

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**EARLY WARNING SERVICES, LLC,**

*Plaintiff-Appellee,*

**v.**

**WARREN VURL JOHNSON,**

*Defendant-Appellant.*

United States District Court, District of Arizona, Phoenix Division
Case No. 2:24-cv-01587, Honorable Susan M. Brnovich

## APPELLEE EARLY WARNING SERVICES, LLC'S MOTION TO DISMISS APPEAL

Sara K. Stadler
Theodore H. Davis Jr.
Kristin M. Adams
KILPATRICK TOWNSEND &
  STOCKTON LLP
1100 Peachtree Street, N.E.
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
sstadler@ktslaw.com
tdavis@ktslaw.com
kmadams@ktslaw.com

Dennis L. Wilson
KILPATRICK TOWNSEND &
  STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
(310) 777-3740
dwilson@ktslaw.com

*Attorneys for Appellee Early Warning Services, LLC*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................. iii

MOTION TO DISMISS APPEAL ........................................................ 1

    A.    Introduction ......................................................................... 1

    B.    Background ........................................................................... 3

    C.    Argument ............................................................................. 6

    D.    Conclusion ........................................................................... 9

CERTIFICATE OF COMPLIANCE ..................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Bingman v. Ward,*
    100 F.3d 653 (9th Cir. 1996) ..................................................................6

*Blaylock v. Cheker Oil Co.,*
    547 F.2d 962 (6th Cir. 1976) ..................................................................7

*Diamontiney v. Borg,*
    918 F.2d 793 (9th Cir. 1990) ..................................................................8

*Dollar Rent A Car of Wash., Inc. v. Travelers Indem. Co.,*
    774 F.2d 1371 (9th Cir. 1985) ................................................................7

*Early Warning Servs. v. Johnson,*
    No. 24-7315 (9th Cir.)..........................................................1, 3, 4, 8

*Early Warning Servs. v. Johnson,*
    No. 25-3838 (9th Cir.)............................................................................6

*Emery Air Freight Corp. v. Loc. Union 295,*
    449 F.2d 586 (2d Cir. 1971), *amended by* 79 L.R.R.M.
    (BNA) 2192 (2d Cir. 1971).....................................................................7

*F.T.C. v. Affordable Media,*
    179 F.3d 1228 (9th Cir. 1999) ................................................................7

*Halderman v. Pennhurst State Sch. & Hosp.,*
    673 F.2d 628 (3d Cir. 1982).....................................................................7

*Hoffman ex rel. N.L.R.B. v. Beer Drivers & Salesmen's Loc.*
    *Union No. 888,*
    536 F.2d 1268 (9th Cir. 1976) ................................................................7

*Hyde Constr. Co. v. Koehring Co.,*
    348 F.2d 643 (10th Cir. 1965), *rev'd on other grounds,*
    382 U.S. 362 (1966) ...............................................................................7

*In re King City Transit Mix, Inc.*,
    738 F.2d 1065 (9th Cir. 1984) ........................................................ 9

*Int'l Union, United Mine Workers of Am. v. Bagwell*,
    512 U.S. 821 (1994) ...................................................................... 8

*Johnson v. Early Warning Servs.*,
    No. 2:25-cv-02364-DDC-TJJ (D. Kan.) ............................................ 1

*Johnson v. Early Warning Servs.*,
    No. 25-3118 (10th Cir.) ............................................................. 2, 6

*Johnson v. United States Dist. Ct.*,
    No. 25-3212 (9th Cir.) ................................................................ 1

*Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*,
    539 F.3d 1039 (9th Cir. 2008) ....................................................... 6

*Maness v. Meyers*,
    419 U.S. 449 (1975) ...................................................................... 5

*United States v. United Mine Workers*,
    330 U.S. 258 (1947) ...................................................................... 9

**Statutes**

28 U.S.C.
    § 1291 ...................................................................................... 6
    § 1292 ...................................................................................... 6

**Rules**

Fed. R. Civ. P. 60(b) ........................................................................ 7

iv

## MOTION TO DISMISS APPEAL

### A.  Introduction

The Court lacks jurisdiction over this putative appeal, which is Appellant Warren Vurl Johnson's ("Johnson") latest attempt to avoid compliance with a December 4, 2024, preliminary injunction order (Dkt. 70) affirmed in its entirety by this Court on July 9, 2025, and of which Johnson is in contempt. In addition to his unsuccessful appeal of the preliminary injunction order itself, *see Early Warning Servs. v. Johnson*, No. 24-7315, D.E. 64.1 (9th Cir. July 9, 2025), Johnson has:

- Unsuccessfully petitioned this Court for a writ of mandamus, *see Johnson v. United States Dist. Ct.*, No. 25-3212, D.E. 9.1 (9th Cir. May 23, 2025);

- Filed a separate action against Appellee Early Warning Services, LLC ("EWS") in the District of Kansas, seeking a temporary restraining order and preliminary injunction against enforcement of the District Court's preliminary injunction, *see Johnson v. Early Warning Servs.*, No. 2:25-cv-02364-DDC-TJJ (D. Kan.);[1]

---

[1] The Kansas court denied Johnson's motion for a temporary restraining order and stated it "likely will abstain from exercising jurisdiction under the first-to-file rule." *Id*. Dkt. 6 at 3 (D. Kan. July 8, 2025).

1

- Pursued an unsuccessful appeal to the Tenth Circuit of the Kansas court's order denying his motion for a temporary restraining order, *see Johnson v. Early Warning Servs.*, No. 25-3118 (10th Cir.);

- Noticed this interlocutory appeal of the District Court's September 24, 2025, order (Dkt. 243[2]) holding Johnson in contempt of the preliminary injunction order and giving him 48 hours to comply with the preliminary injunction's forensic imaging requirement; and

- Filed a motion to stay the District Court's order pending disposition of this putative appeal, D.E. 4.1, which this Court properly denied on September 30, 2025. D.E. 5.1.

Johnson has categorically refused to comply with the District Court's orders regardless of how this Court (or any other court) rules. When asked by EWS's counsel to confirm his intention to initiate compliance with the District Court's contempt order, Johnson replied, simply, "Nope." *See* Dkts, 248, 249. This is a textbook case of civil contempt.

---

[2] Dkts. 242 and 243 are attached hereto as Exhibits A and B, respectively, for the Court's reference.

### B. Background

This case involves the exfiltration, use, and disclosure of a volume of privileged and confidential documents and trade secret information (collectively, "Protected Materials") by Johnson, EWS's former Senior Intellectual Property Counsel, as part of his "crusad[e] against EWS." *See* Dkt. 70 at 13. EWS moved for a preliminary injunction shortly after filing its complaint. Dkts. 1, 16. The District Court granted EWS's motion for a preliminary injunction on December 4, 2024 (Dkt. 70), and Johnson noticed an appeal to this Court on the same day. *Early Warning Servs.*, No. 24-7315, D.E. 1.1 (9th Cir. Dec. 5, 2024).

Among other things, the District Court's preliminary injunction order requires Defendants in this case, including Johnson, to preserve EWS's Protected Materials "without modification" and to allow EWS's forensic vendor to image Defendants' devices and media that may include such Protected Materials. Dkt. 70 at 17–18. On July 9, 2025, this Court affirmed the District Court's order in its entirety, finding, *inter alia*, that because "Johnson continues to reveal more EWS's documents within his possession, the order requiring Johnson to give access to his electronic accounts and electronic devices for a forensic search for EWS's documents

is narrowly tailored in this context."[3] *Early Warning Servs.*, D.E. 64.1 at 5 (9th Cir. July 9, 2025).

Following this Court's affirmance of the preliminary injunction order, Johnson filed a slew of motions to "clarify," modify, and vacate it (Dkts. 190, 198, 219; *see also* Dkts. 180, 185), along with a "comprehensive notice" that he would not comply with the District Court's order as written. Dkt. 222. When EWS moved to hold Johnson in civil contempt (Dkt. 225), the District Court issued a show-cause order (Dkt. 232) and, following a two-day hearing, held Johnson in contempt on September 24, 2025. Dkt. 243. Shortly after the hearing concluded, Johnson noticed this interlocutory appeal. Dkt. 240. Johnson then sought a stay of the District Court's contempt order pending this appeal (D.E. 4.1), which this Court properly denied. D.E. 5.1.

The District Court's contempt order requires Johnson to comply with the preliminary injunction order and the "Forensic Imaging Order" (consisting of protocols, search terms, and parameters for the forensic imaging) within 48 hours or "pay a fine of $1,000 per day to the Court for

---

[3] Johnson petitioned for panel rehearing of the Court's decision. *Early Warning Servs.*, D.E. 67.1 (9th Cir. July 10, 2025). The Court properly denied the petition. *Id.* D.E. 68.1 (9th Cir. July 15, 2025).

each day he fails to comply with the Forensic Imaging Order beginning on September 27, 2025." Dkt. 232 at 4. Yet, Johnson still refuses to comply with the District Court's orders—even filing yet another motion for reconsideration of the preliminary injunction order on October 8, 2025, despite this Court's unqualified affirmance of the underlying order five months ago. Dkt. 254; *see* Dkts. 248, 249. Further, notwithstanding Johnson's representation to this Court that his "dwindling savings . . . *are being obliterated by the accruing sanctions*," D.E. 8.1 at 4 (emphasis added), Johnson has not paid any of the fines ordered by the District Court, which (as of this writing) total more than $75,000.

As the Supreme Court instructed in *Maness v. Meyers*, 419 U.S. 449 (1975), "[w]e begin with the basic proposition that all orders and judgments of courts must be complied with promptly . . . . Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." *Id.* at 458. While Johnson's refusal to comply with the District Court's orders ultimately may warrant a finding of criminal contempt, the contempt in the District Court's September 24, 2025, order is civil in nature. There is

5

no statutory or other basis allowing an immediate appeal of the District Court's order. This Court should dismiss Johnson's appeal.

## C. Argument

This Court has jurisdiction to hear appeals of final judgments on the merits under 28 U.S.C. § 1291 and appeals of collateral or interlocutory orders under 28 U.S.C. § 1292. So far, Johnson has had two interlocutory appeals dismissed for want of appellate jurisdiction—one by this Court[4] and one by the Tenth Circuit Court of Appeals[5]—so he cannot credibly claim ignorance of this requirement.

The rule in this Circuit is well "settled . . . that except in connection with an appeal from a final judgment or decree, a party to a suit may not review upon appeal an order fining or imprisoning him for the commission of a civil contempt." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008) (citations omitted); *see also Bingman v. Ward*, 100 F.3d 653, 655 (9th Cir. 1996) ("It is clear that we do

---

[4] *See Early Warning Servs. v. Johnson*, No. 25-3838, D.E. 13.1 (9th Cir. July 2, 2025) (dismissing Johnson's putative appeal of District Court's order denying Johnson's motion for recusal).

[5] *See Johnson v. Early Warning Servs.*, No. 25-3118, D.E. 19-1 (10th Cir. July 30, 2025) (dismissing Johnson's putative appeal of Kansas court's denial of temporary restraining order against the District Court's enforcement of the preliminary injunction affirmed by this Court).

not have jurisdiction to hear interlocutory appeals from civil contempt orders entered against parties to litigation."); *Hoffman ex rel. N.L.R.B. v. Beer Drivers & Salesmen's Loc. Union No. 888*, 536 F.2d 1268, 1272 (9th Cir. 1976) (stating "no appeal lies" from "an adjudication of civil contempt, interlocutory in character").

The only exceptions to this settled rule involve a contempt "incident" to a successful appeal from an "underlying preliminary injunction," *see Dollar Rent A Car of Wash., Inc. v. Travelers Indem. Co.*, 774 F.2d 1371, 1376 (9th Cir. 1985) (vacating preliminary injunction and contempt order) (citing cases),[6] or an appeal in which the merits of an injunction and a contempt are otherwise considered together. *See F.T.C. v.*

---

[6] *See Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 966 (6th Cir. 1976) (vacating preliminary injunction and contempt order); *Emery Air Freight Corp. v. Loc. Union 295*, 449 F.2d 586, 595 (2d Cir. 1971) (same), *amended by* 79 L.R.R.M. (BNA) 2192 (2d Cir. 1971); *Hyde Constr. Co. v. Koehring Co.*, 348 F.2d 643, 649 (10th Cir. 1965) (same), *rev'd on other grounds*, 382 U.S. 362 (1966).

The court in *Dollar Rent A Car* also cited a case in which the Third Circuit Court of Appeals exercised jurisdiction over a civil contempt where "the contemnor participated in effectuating the change in the law which is alleged to establish a legal impossibility" and the contemnor never moved in the district court under Rule 60(b). *See Halderman v. Pennhurst State Sch. & Hosp.*, 673 F.2d 628, 638–39 (3d Cir. 1982). This reasoning obviously does not apply here.

*Affordable Media*, 179 F.3d 1228, 1239 n.8 (9th Cir. 1999); *Diamontiney v. Borg*, 918 F.2d 793, 797 (9th Cir. 1990).

Neither exception applies here because Johnson has already appealed the underlying preliminary injunction order, and the Court has already affirmed that order in its entirety. *See Early Warning Servs.*, No. 24-7315, D.E. 64.1 (9th Cir. July 9, 2025). Thus, neither the preliminary injunction nor its terms—including the requirement that Johnson "provide access" to his digital electronic devices and accounts for "forensic imaging . . . by EWS's forensics vendor"—are properly before this Court. *See* Dkt. 70 at 16–17.

Moreover, Johnson's contempt at issue here is clearly civil, not criminal. The District Court's September 24, 2025, order requires Johnson to "comply with the Forensic Imaging Order within forty-eight (48) hours of the date of this Order," and orders Johnson to "pay a fine of $1,000 per day to the Court for each day he fails to comply with the Forensic Imaging Order beginning on September 27, 2025." Dkt. 243 at 2, 4. These "penalties designed to compel future compliance" with the District Court's order are "considered civil and remedial" because they are designed to "coerce[] the defendant into compliance" with it. *Int'l Union,*

8

*United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 829 (1994) (quoting *United States v. United Mine Workers*, 330 U.S. 258, 303–04 (1947)).

Because the District Court's contempt order is neither a final decision on the merits appealable of its own right, nor an interlocutory order with a statutory or other basis allowing an immediate appeal, no jurisdiction exists over Johnson's appeal. The Court therefore should dismiss the appeal. *See In re King City Transit Mix, Inc.*, 738 F.2d 1065, 1065 (9th Cir. 1984) ("Because we conclude that the ruling challenged on appeal is an interlocutory ruling over which we lack appellate jurisdiction, we dismiss the appeal.").

### D. Conclusion

For the foregoing reasons, and based on the District Court's September 24, 2025, contempt order and the current record on appeal, EWS respectfully requests that the Court dismiss Johnson's appeal for lack of jurisdiction.

Dated: December 11, 2025

Respectfully submitted,

s/ *Sara K. Stadler*

| | |
|---|---|
| Dennis L. Wilson | Sara K. Stadler |
| KILPATRICK TOWNSEND & STOCKTON LLP | Theodore H. Davis Jr. |
| | Kristin M. Adams |
| 1801 Century Park East | KILPATRICK TOWNSEND & STOCKTON LLP |
| Suite 2300 | |
| Los Angeles, California 90067 | 1100 Peachtree Street, N.E. |
| (310) 777-3740 | Suite 2800 |
| dwilson@ktslaw.com | Atlanta, Georgia 30309 |
| | (404) 815-6500 |
| | sstadler@ktslaw.com |
| | tdavis@ktslaw.com |
| | kmadams@ktslaw.com |

*Attorneys for Appellee Early Warning Systems, LLC*

10

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1.      This motion complies with the type-volume limitation of Cir. R. 27-1(1)(d) because it contains nine pages, excluding those materials exempted by Fed. R. App. P. 32(f).

2.      This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Century Schoolbook 14-point font using Microsoft Word 365.

DATED:  December 11, 2025.

s/ *Sara K. Stadler*
Sara K. Stadler
KILPATRICK TOWNSEND &
  STOCKTON LLP
1100 Peachtree Street, N.E.
Suite 2800
Atlanta, Georgia 30309
(404) 532-6908
sstadler@ktslaw.com

11

# Exhibit A

**Smith, Elba**

| | |
|---|---|
| **From:** | azddb_responses@azd.uscourts.gov |
| **Sent:** | Wednesday, September 24, 2025 6:04 PM |
| **To:** | azddb_nefs@azd.uscourts.gov |
| **Subject:** | Activity in Case 2:24-cv-01587-SMB Early Warning Services LLC v. Johnson et al Order on Motion for Miscellaneous Relief |

**CAUTION: External Email**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## DISTRICT OF ARIZONA

## Notice of Electronic Filing

The following transaction was entered on 9/24/2025 at 4:03 PM MST and filed on 9/24/2025
**Case Name:** Early Warning Services LLC v. Johnson et al
**Case Number:** 2:24-cv-01587-SMB
**Filer:**
**Document Number:** 242(No document attached)

**Docket Text:**
MINUTE ENTRY for proceedings held before Judge Susan M. Brnovich: Discussion held regarding Plaintiff's proposed examination protocols and search terms. For reasons set forth on the record, IT IS ORDERED adopting the proposal and search terms by Plaintiff. Plaintiff is directed file their Motion for Protective Order. Defendant Johnson shall have 2 weeks from filing of the motion to file his response. The Court FINDS defendant Warren Vurl Johnson in contempt of the Court's orders. Separate order to issue.

APPEARANCES: Zoom appearance by Kristin Adams and Dennis Wilson for Plaintiff. Zoom appearance by Pro Se Defendant Warren Johnson. Defendants Brandon O'Loughlin and P.A.Z.E., LLC are NOT present. (Court Reporter Christine Coaly.) Hearing held 1:30 PM to 1:59 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (ESG)

**2:24-cv-01587-SMB Notice has been electronically mailed to:**

1

George Chun Chen    george.chen@bclplaw.com, donna.mcginnis@bclplaw.com

Jacob Alexander Maskovich    jacob.maskovich@bclplaw.com, catherine.russell@bclplaw.com, lisa.remus@bclplaw.com

Erick S Durlach    edurlach@kilpatricktownsend.com, bnelson@ktslaw.com, etsmith@kilpatricktownsend.com

Dennis LeRoy Wilson    dwilson@kilpatricktownsend.com, amoreno@kilpatricktownsend.com

Sara Kathryn Stadler    sstadler@kilpatricktownsend.com, bnelson@kilpatricktownsend.com, kmadams@ktslaw.com

Kristin M Adams    kmadams@ktslaw.com

Warren Vurl Johnson    warrenvjohnson@gmail.com

**2:24-cv-01587-SMB Notice will be sent by other means to those listed below if they are affected by this filing:**

P.A.Z.E. LLC(Terminated)
c/o Brandon O'Loughlin
1317 W 13th Pl.
Tempe, AZ 85281

Brandon O'Loughlin
1317 W 13th Pl.
Tempe, AZ 85281

2

# Exhibit B

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services LLC, | No. CV-24-01587-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Warren Vurl Johnson, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Early Warning Service LLC's ("EWS") Motion to Hold Defendants in Contempt (Doc. 225). The Motion has been fully briefed and the Court heard oral argument on the Motion on September 22, 2025, which was continued on September 24, 2025. The Court **granted** the Motion against Defendant Johnson during oral argument and now explains its reasoning.

## I.      BACKGROUND

On December 4, 2024, the Court entered the following preliminary injunction (the "PI Order") against all Defendants:

> **IT IS FURTHER ORDERED** that Defendants (1) return all hard copies of documents comprising or containing EWS's Confidential Information or Trade Secrets to EWS, without retaining any physical copies of those documents; (2) preserve, without modification, all digital electronic copies of documents comprising or containing EWS's Confidential Information or Trade Secrets within their position, custody, or control; and (3) provide access to all digital electronic devices and media and all electric mail and storage accounts within their possession, custody, or control—including, without limitation, all computers, laptops, tablets, external hard drives, other external media and storage devices, smartphones, personal email accounts,

OneDrive, Dropbox, Box, Google Drive and similar accounts—that may include EWS's Confidential Information or Trade Secrets for forensic imaging of those devices and accounts (including all metadata) by EWS's forensics vendor.

(Doc. 70 at 16–17). Johnson appealed but the Ninth Circuit affirmed the PI Order. *Early Warning Servs., LLC v. Brandon O'loughlin, P.A.Z.E. LLC*, No. 24-7315, 2025 WL 1895313, at *2 (9th Cir. July 9, 2025). Johnson then filed a Motion for Clarification (Doc. 198), which the Court denied and ordered Johnson to "comply with the terms of the injunction no later than Friday, August 15, 2025." (Doc. 218 at 3). Johnson refused, claiming it would be legally impossible for him to comply with the injunction. (Doc. 222 at 1.) EWS then filed the present Motion to hold Defendants in contempt. (Doc. 225.)[1]

The Court held oral argument on the Motion on September 22, 2025, during which, the Court ordered EWS to propose examination protocols and a list of search terms and parameters for the forensic imaging. EWS sent its proposal to Johnson and the Court. The Court continued oral argument on September 24, 2025 to discuss EWS's proposals. During oral argument, the Court found Johnson in contempt of the PI Order and adopted, and ordered Johnson's compliance with, EWS's proposals (the "Forensic Imaging Order"). The Court further ordered that Johnson had forty-eight hours to comply with the Forensic Imaging Order and imposed a $1,000 per-day fine for each day Johnson did not comply.

## II.    LEGAL STANDARD

"Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Institute of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (citation modified) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). "A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding, a wide latitude in determining whether there has been a contemptuous violation of its order, and broad

---

[1]    EWS also seek sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A)(i). (Doc. 225 at 18–19.) The Court dismissed EWS's request without prejudice during oral argument.

equitable power to order appropriate relief." *Toyo Tire & Rubber Co. V. Hong Kong Tri-Ace Tire Co.*, 281 F. Supp. 3d 967, 984 (C.D. Cal. 2017) (citation modified). "In a civil contempt action, '[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.'" *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004) (alteration in original) (quoting *Stone v. City & County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

## III. DISCUSSION

Johnson openly admits that he did not comply with the PI Order due to "legal impossibility." (Doc. 222 at 1.) Accordingly, the Court only addresses whether Johnson's noncompliance is excusable. It is not. "Inability to comply with an order is a complete defense to a charge of contempt." *Coleman v.* Newsom, 131 F.4th 948, 959 (9th Cir. 2025) (citation modified). "If the record establishes that there in fact is a present inability to comply with an order, the civil contempt inquiry is at an end." *Id.* at 960. Inability requires more than establishing that "compliance would be difficult or expensive"; instead, contemnors must prove that "compliance was 'factually impossible.'" *Id.* (quoting *United States v. Rylander*, 460 U.S. 752, 757 (1983)). Johnson has failed to allege any facts suggesting that it would be factually impossible for him to comply with the PI Order.[2]

Instead, Johnson mistakenly equates "impossibility" with his desire to relitigate the propriety of the PI Order based on purported defects. However, the PI Order has already been affirmed by the Ninth Circuit. *Early Warning Servs.*, 2025 WL 1895313, at *2. Additionally, "[i]t is a 'long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy.'" *United States v. Ayres*, 166 F.3d 991,

---

[2] Johnson argues that "the Court has expressly disclaimed contempt." (Doc. 235 at 10.) The Court has not done so. The Court merely pointed out that contempt had not been at issue prior to the filing of the pending request. Additionally, Johnson has not cited any authority establishing that the Court can disclaim its inherent authority. *See Toyo* 281 F. Supp. 3d at 984.

995 (9th Cir. 1999) (quoting *Rylander*, 460 U.S. at 756); *see Maggio v. Zeitz*, 333 U.S. 56, 69 (1948). Johnson's arguments are a plain attempt to relitigate the propriety of the PI Order. Accordingly, they are insufficient to demonstrate that Johnson was unable to comply with the PI Order.

As to Defendant O'Loughlin, he has not had appropriate notice that he had to comply with the PI Order to be held in contempt. On December 11, 2024, this Court stayed the obligation to comply with the PI Order until seven days after the Court rules on Johnson's First Motion to Stay (Doc. 72). (Doc. 76.) On June 26, 2025, this Court denied Johnson's First Motion to Stay and ordered Johnson to comply with the stayed provision within seven days. (Doc. 179.) The Court did not order all Defendants to comply in the June 26, 2025 order. (*Id.* at 4.) Although the December 11, 2024 order advised all Defendants that the stay only applied until seven days after the motion to stay was ruled on, (Doc. 76 at 2), the June 26, 2025 order only directs Defendant Johnson to comply, (Doc. 179 at 4.) Given the requirement for a specific and definite court order and Defendant O'Loughlin's pro se status, the Court finds he did not have clear notice that he had to comply. Therefore, the Court will now order Defendant O'Loughlin's compliance.[3]

**IV.    CONCLUSION**

Accordingly, the Court found Johnson in contempt. The Court orders as follows:

**IT IS HEREBY ORDERED granting in part** EWS's Motion to Hold Defendants in Contempt (Doc. 225). The motion is granted as to Defendant Johnson, denied as to PAZE and denied without prejudice as to Defendant O'Loughlin.

**IT IS FURTHER ORDERED** that Johnson must comply with the Forensic Imaging Order within forty-eight (48) hours of the date of this Order.

**IT IS FURTHER ORDERED** Johnson must pay a fine of $1,000 per day to the Court for each day he fails to comply with the Forensic Imaging Order beginning on September 27, 2025.

---

[3] EWS also sought to hold P.A.Z.E., LLC in contempt. However, the Court has already entered Default Judgement against P.A.Z.E. (Doc. 208). The Court does not find P.A.Z.E. in contempt at this juncture.

- 4 -

**IT IS FURTHER ORDERED** that O'Loughlin must comply with the terms of the injunction by no later than September 30, 2025.

Dated this 24th day of September, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge