**No. 25-6052**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

Early Warning Services, LLC,

*Plaintiff-Counter Defendant-Appellee*,

v.

Warren Vurl Johnson

*Defendant- Counter Plaintiff-Appellant.*

On Appeal from the United States District
Court for the District of Arizona, Phoenix
Division
No. 2:24-cv-01587-SMB
Hon. Susan M Byrnovich

---

## APPELLANT'S OPPOSITION TO APPELLEE'S MOTION TO DISMISS
## APPEAL

---

Mr. Warren Vurl Johnson
215 E 8th St
Lawrence, KS 66044
Mobile : 208.371.1686
*Email : warrenvjohnson@gmail.com*

## I. INTRODUCTION

Appellee Early Warning Services, LLC ("EWS") moves to dismiss this appeal by mischaracterizing the order at issue as a standard civil contempt order. It is not. The District Court's September 24, 2025, Order (the "September Order") did two things: (1) it substantively modified the preliminary injunction by adopting a new, overbroad "Forensic Imaging Order" containing search terms and protocols never previously litigated; and (2) it held Appellant in contempt for refusing to comply with this *new*, expanded regime.

Because the September Order modifies the scope of the underlying injunction, it is immediately appealable under 28 U.S.C. § 1292(a)(1). Furthermore, this Court has jurisdiction to enforce its own mandate from Case No. 24-7315. In that prior appeal, this Court affirmed an order it described as "narrowly tailored" to "EWS's documents"[1111]. The District Court has now effectively effectively overruled that finding by enforcing secret, extra-record protocols that function as a general warrant.

## II. JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to:

1. 28 U.S.C. § 1292(a)(1): The District Court's September Order adopts new protocols that substantively modify the preliminary injunction;

2. The "Incident to Appeal" Doctrine: The validity of the contempt order depends entirely on the validity of the District Court's expansion of the injunction,

2

which violates this Court's prior mandate; and

3. The Collateral Order Doctrine: The sanctions are punitive because compliance with the expanded, unwritten order is legally impossible without violating this Court's mandate.

## III. ARGUMENT

## A. The Order Appealed From Is a Modification of an Injunction, Immediately Appealable Under 28 U.S.C. § 1292(a)(1).

EWS relies on the general rule that civil contempt is interlocutory. However, when a district court issues a contempt order that interprets or enforces an injunction in a way that substantively alters the legal relationship between the parties, it constitutes a modification of the injunction.

Here, the status quo changed on September 24, 2025.

- The Mandate: This Court affirmed a preliminary injunction it described as "narrowly tailored" to search for "EWS's documents"[22].

- The Modification: On remand, the District Court adopted EWS's "Forensic Imaging Order"[3]. This new order requires Appellant to surrender devices for imaging using broad search terms that were never part of the original record.

By explicitly adopting these broad protocols, the District Court expanded the injunction from a "narrowly tailored" search for specific property into a broad forensic dragnet. This modification is immediately appealable.

**B. This Court Has Jurisdiction to Enforce Its Mandate.**

EWS argues that because this Court "affirmed the District Court's order in its entirety" in July 2025, the injunction is settled[4444]. This ignores the substance of the mandate. This Court affirmed the order *because* it viewed the order as "narrowly tailored"[55]. The District Court has now violated that mandate by enforcing a protocol that is *not* narrowly tailored. "A district court has no power or authority to deviate from the mandate issued by an appellate court." *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007). When a contempt finding rests on a district court's violation of an appellate mandate, the appellate court necessarily has jurisdiction to correct the lower court's overreach.

**C. The Contempt Order Is "Incident" to the Appealable Issue.**

Under *Dollar Rent A Car of Wash., Inc. v. Travelers Indem. Co.*, 774 F.2d 1371, 1376 (9th Cir. 1985), an appeal of a contempt order is permitted when it is "incident" to an appeal of the underlying injunction. The "underlying injunction" at issue here is the modified injunction created by the adoption of the Forensic Imaging Order on September 24, 2025. The jurisdictional question (is the contempt valid?) is inseparable from the merits question (did the District Court exceed the scope of the 9th Circuit's mandate?).

**D. The Sanctions Are Punitive and Therefore Appealable as Criminal Contempt.**

While labeled "civil," the sanctions here are punitive under *Int'l Union, United Mine*

4

*Workers v. Bagwell*, 512 U.S. 821 (1994).

1. Impossibility: A sanction is only coercive if the contemnor has the ability to purge it. Here, "purging" the contempt requires Appellant to submit to an overbroad search that violates this Court's mandate.

2. Severity: The District Court has imposed fines that EWS admits are "obliterating" Appellant's savings[6]. Fines that are excessive and destructive lose their coercive character.

## E. The District Court Modified the Injunction by Shifting Its Legal Basis from "Private Action" to "State Action."

The District Court's September 24 Contempt Order fundamentally alters the legal nature of the underlying injunction, creating a "modification" appealable under § 1292(a)(1).

On August 12, 2025, the District Court expressly ruled that the compelled imaging did not constitute "state action" and therefore Fourth Amendment protections (like *Riley v. California*) did not apply. *See* Dkt. 220 at 1 ("No, the Court's Order that Mr. Johnson turn over devices... does not constitute state action")[3].

However, the September 24 Order holds Appellant in contempt of court—the ultimate exercise of state power—for refusing to submit to that search. The District Court cannot have it both ways. It cannot classify the search as "private" to evade constitutional scrutiny in August, and then wield the coercive power of the State to

5

enforce it in September. By invoking the contempt power to enforce a search it previously defined as "private," the District Court effectively transformed the injunction into a state-compelled seizure. This shift in the *legal nature* of the compulsion constitutes a modification of the injunction that is immediately appealable.

**F. The District Court Explicitly Rejected the Mandate's "Narrowing" Function.**

Jurisdiction also exists because the record proves the District Court is refusing to implement this Court's mandate. In the prior appeal (No. 24-7315), this Court affirmed the injunction specifically because it was "narrowly tailored" to a "forensic search for EWS's documents."

Following remand, Appellant moved for clarification (Dkt. 198), asking if the Mandate limited the search to "EWS documents" rather than a general search of all data. The District Court denied the motion, stating: "The Ninth Circuit unequivocally affirmed this Court's Order, without altering the enforceability or meaning of the terms of the injunction." Dkt. 218 at 2 [4] (emphasis added).

This ruling is the root of the jurisdictional conflict. The District Court believes the Mandate changed nothing. Appellant contends the Mandate narrowed the scope. By enforcing the order as if the Mandate's "narrowly tailored" language does not exist, the District Court has effectively "modified" the injunction back to its pre-appeal, overbroad state. This Court must have jurisdiction to determine if its own Mandate

has been nullified by the lower court's refusal to acknowledge it.

## IV. CONCLUSION

This appeal presents a critical question: May a district court enforce a preliminary injunction in a manner broader than what this Court authorized in its mandate, relying on protocols that do not exist in the public record? That is a question of law over which this Court has jurisdiction.

Appellant respectfully requests that the Court DENY Appellee's Motion to Dismiss and allow this appeal to proceed to briefing on the merits.

Respectfully submitted,

Date: December 13, 2025

/s/ Warren Vurl Johnson

Defendant-Appellant, Pro Se

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)**

I am the attorney or self-represented party.

**This brief contains** _____ **words,** including _____ words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

☐ complies with the word limit of Cir. R. 32-1.

☐ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

☐ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

☐ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

☐ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    ☐ it is a joint brief submitted by separately represented parties.
    ☐ a party or parties are filing a single brief in response to multiple briefs.
    ☐ a party or parties are filing a single brief in response to a longer joint brief.

☐ complies with the length limit designated by court order dated _____ .

☐ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**                            **Date**
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 8**                                      *Rev. 12/01/22*