**No. 25-6052**

---

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

### EARLY WARNING SERVICES, LLC,

*Plaintiff-Appellee,*

**v.**

### WARREN VURL JOHNSON,

*Defendant-Appellant.*

---

United States District Court, District of Arizona, Phoenix Division
Case No. 2:24-cv-01587, Honorable Susan M. Brnovich

---

## REPLY BRIEF IN SUPPORT OF APPELLEE EARLY WARNING SERVICES, LLC'S MOTION TO DISMISS APPEAL

---

Sara K. Stadler
Theodore H. Davis Jr.
Kristin M. Adams
KILPATRICK TOWNSEND &
  STOCKTON LLP
1100 Peachtree Street, N.E.
Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
sstadler@ktslaw.com
tdavis@ktslaw.com
kmadams@ktslaw.com

Dennis L. Wilson
KILPATRICK TOWNSEND &
  STOCKTON LLP
1801 Century Park East
Suite 2300
Los Angeles, California 90067
(310) 777-3740
dwilson@ktslaw.com

*Attorneys for Appellee Early Warning Services, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................ iii

ARGUMENT ...................................................................................... 1

    A.    Introduction .............................................................................. 1

    B.    Dismissal is Appropriate. ......................................................... 1

        1.    The District Court's Contempt Finding Did Not Modify the Preliminary Injunction Against Johnson's Unlawful Conduct. ................................................................ 1

        2.    The District Court's Contempt Finding is not "Incident" to an Appeal. ................................................................ 4

        3.    The District Court's Sanctions are Civil in Nature. ............... 5

        4.    No State Action Exists. ........................................................ 8

    C.    Conclusion .............................................................................. 10

CERTIFICATE OF COMPLIANCE ...................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Aguero v. Esnoz,*
No. 1:22-cv-01237-KES-CDB, 2024 WL 3398304 (E.D. Cal.
July 12, 2024) ......................................................................... 10

*Children's Health Def. v. Meta Platforms, Inc.,*
112 F.4th 742 (9th Cir. 2024) .................................................. 9

*Coleman v. Newsom,*
131 F.4th 948 (9th Cir. 2025) ........................................... 6, 7, 8

*Dollar Rent A Car of Wash., Inc. v. Travelers Indem. Co.,*
774 F.2d 1371 (9th Cir. 1985) .............................................. 4, 5

*Early Warning Servs. v. Johnson,*
No. 24-7315 (9th Cir.) ........................................................... 2, 5

*FTC v. Affordable Media,*
179 F.3d 1228 (9th Cir. 1999) ................................................. 7

*Gompers v. Bucks Stove & Range Co.,*
221 U.S. 418 (1911) .............................................................. 6, 7

*Hoffman ex rel. NLRB v. Beer Drivers & Salesmen's Loc. Union
No. 888,*
536 F.2d 1268 (9th Cir. 1976) ................................................. 4

*In re Kenny G Enters.,*
692 F. App'x, 950 (9th Cir. 2017) ........................................... 8

*Int'l Union, United Mine Workers of Am. v. Bagwell,*
512 U.S. 821 (1994) .................................................................. 6

*Jackson v. Metropolitan Edison Co.,*
419 U.S. 345 (1974)), *cert. denied,* 145 S. Ct. 2846 (2025) ......... 9

iii

*Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*,
    539 F.3d 1039 (9th Cir. 2008) ........................................................6

*Lindley v. Amoco Prod. Co.*,
    639 F.2d 671 (10th Cir. 1981) .......................................................9

*Lugar v. Edmondson Oil Co.*,
    457 U.S. 922 (1982) ........................................................................9

*Melara v. Kennedy*,
    541 F.2d 802 (9th Cir. 1976) .........................................................9

*Mira v. Deutsche Bank Tr. Co. Ams.*,
    No. CV-25-02640-PHX-SPL, 2025 WL 2373707 (D. Ariz.
    Aug. 14, 2025) ..............................................................................10

*Naoko Ohno v. Yuko Yasuma*,
    723 F.3d 984 (9th Cir. 2013) .........................................................9

*NLRB v. Trans Ocean Exp. Packing, Inc.*,
    473 F.2d 612 (9th Cir. 1973) .........................................................7

*Turner v. Rogers*,
    564 U.S. 431 (2011) ........................................................................6

*United States v. Asay*,
    614 F.2d 655 (9th Cir. 1980) .........................................................7

**Statutes**

28 U.S.C. § 1292(a)(1) ...................................................................... 1, 3

iv

## ARGUMENT

### A.  Introduction

Jurisdiction does not exist over this interlocutory challenge to the District Court's September 24, 2025, finding of civil contempt, Dkt. 243 ("Contempt Order"). Because Appellant Warren Vurl Johnson has failed to demonstrate the contrary, the Court should dismiss this proceeding.

### B.  Dismissal is Appropriate.

#### 1.  The District Court's Contempt Finding Did Not Modify the Preliminary Injunction Against Johnson's Unlawful Conduct.

Johnson's primary argument for appellate jurisdiction—that the District Court's finding of contempt somehow modified its December 4, 2024, preliminary injunction order, Dkt. 70 ("PI Order"),[1] or violated this Court's mandate—is fatally flawed.

That argument confuses and conflates two different issues. The first issue is whether a district court has issued a new and materially different preliminary injunction in the course of a case, thus allowing an interlocutory appeal under 28 U.S.C. § 1292(a)(1). And, if not, the second

---

[1] The District Court initially stayed the forensic imaging requirement in the PI Order (Dkt. 76), but lifted that stay on June 26, 2025. Dkt. 179.

1

issue is whether that court has properly found a contemnor such as Johnson in violation of that injunction's terms.

The first of these issues is clearly not in play here. This Court unconditionally affirmed the PI Order in Johnson's first appeal. *Early Warning Servs. v. Johnson*, No. 24-7315, D.E. 64.1 (9th Cir. July 9, 2025). In doing so, the Court neither modified the PI Order nor instructed the District Court to do so on remand. *Id.* Since that time, the District Court has not revised the PI Order of which Johnson complains in any respect whatsoever, despite Johnson's frivolous exertions before this Court and the District Court to bring about such a result.[2] The PI Order therefore

---

[2] Among these exertions is Johnson's frivolous argument that the District Court's references to the "Forensic Imaging Order" indicate it did not hold him in contempt of the PI Order. *See, e.g.*, Opp., D.E. 13.1 at 2, 4. This is obviously false.

EWS moved to hold Johnson in civil contempt of *the PI Order* as well as the District Court's June 26, 2025, order (Dkt. 179) denying Johnson's motion for a stay of *the PI Order's* forensic imaging requirement. Dkt. 225 at 5. The District Court then ordered Defendants to show cause why they should not be adjudged in contempt of these two orders. Dkt. 232 at 1–2. Following the first day of the show-cause hearing, the District Court issued a minute order stating that "[o]ral argument [was] presented regarding why Defendants should not be held in contempt of this Court's 12/4/2024, (Doc. [70]) and 6/26/2025, (Doc. [179]) orders"—i.e., *the PI Order* and the order denying Johnson's motion to stay *the PI Order*. Dkt. 239. The Court invited a discussion of protocols and search terms solely to determine "how plaintiffs propose the [forensic imaging] process will occur" and to hear Johnson's objections on these points. *Id.*

2

reads exactly the same today as it did upon issuance and requires Johnson to

> provide access to all digital electronic devices and media and all electric mail and storage accounts within their possession, custody, or control—including, without limitation, all computers, laptops, tablets, external hard drives, other external media and storage devices, smartphones, personal email accounts, OneDrive, Dropbox, Box, Google Drive and similar accounts—that may include EWS's Confidential Information or Trade Secrets for forensic imaging of those devices and accounts (including all metadata) by EWS's forensics vendor.

Dkt. 70 at 16–17.

The Forensic Imaging Order—which is incorporated into the Contempt Order and *not* the PI Order—does not expand or alter Johnson's obligations under this language in any way: On the contrary, the Forensic Imaging Order merely defines the protocols and search terms to be used by a forensic vendor following Johnson's compliance with the PI Order, if and when that compliance occurs. *See* Dkt. 252 (transcript of hearing).

Johnson's appeal therefore implicates only the second issue, namely, his ongoing contempt of the PI Order. On that issue, the Court should reject Johnson's implied argument that the Contempt Order modifies the PI Order in a manner bringing the Contempt Order within the scope of 28 U.S.C. § 1292(a)(1). If Johnson's theory of contempt is correct,

*every* civil contemnor could seek interlocutory review of *every* civil contempt finding by arguing that the finding of contempt tacitly rewrote the terms of the violated injunction to reach the contemnor's conduct. Because the violation of an injunction—which the District Court found to have occurred—is a separate issue from whether the injunction has been modified—which clearly has *not* occurred—the Court should confirm the universally-applied rule that "no appeal lies [from] an adjudication of civil contempt, interlocutory in character" by dismissing these proceedings. *Hoffman ex rel. NLRB v. Beer Drivers & Salesmen's Loc. Union No. 888*, 536 F.2d 1268, 1272 (9th Cir. 1976).

> **2.    The District Court's Contempt Finding is not "Incident" to an Appeal.**

Because the District Court's contempt finding is not "incident" to an appeal, Johnson's attempted reliance on *Dollar Rent A Car of Washington, Inc. v. Travelers Indemnity Co.*, 774 F.2d 1371 (9th Cir. 1985), to manufacture appellate jurisdiction is misplaced.

The defendants in that case challenged both a preliminary injunction *and* a subsequent order finding them in contempt of the same injunction. *See id.* at 1372–73 ("The [defendants] appeal from an order for preliminary injunction in favor of [the plaintiffs]. [The defendants] also

appeal[] from a subsequent order that they had violated the terms of the preliminary injunction and holding them in civil contempt."). It was in that context that this Court held that "an appeal of a civil contempt order is permissible when it is incident to an appeal from a final order or judgment, including an underlying preliminary injunction." *Id.* at 1376.

Here, in contrast, there is no pending appeal from the PI Order in which Johnson was found in contempt. Nor is that surprising, because (1) Johnson already has unsuccessfully appealed the PI Order, and (2) in the course of (a) affirming that order, (b) declining Johnson's motion for a stay, and (c) rejecting Johnson's petition for rehearing en banc, this Court has repeatedly warned Johnson that "[n]o further filings will be entertained in this closed docket." *Early Warning Servs. v. Johnson*, No. 24-7315, D.E. 62.1 (9th Cir. July 7, 2025); *id.* D.E. 64.1 (9th Cir. July 9, 2025); *id.* D.E. 68.1 (9th Cir. July 15, 2025). With no appeal from the PI Order pending, there is no appeal to which the Contempt Order could possibly be "incident." Appellate jurisdiction therefore does not exist.

**3.**     **The District Court's Sanctions are Civil in Nature.**

Johnson's cursory argument that he is subject to criminal sanctions is meritless. "Civil contempt differs from criminal contempt in that it

seeks only to 'coerc[e] the defendant to do' what a court had previously ordered him to do." *Turner v. Rogers*, 564 U.S. 431, 441–42 (2011) (alteration in original) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442 (1911)). Even if it is not compensatory in nature, a contempt order is "civil, and thus not appealable on interlocutory review, when the defendant is given an opportunity to comply with the order before payment of the sanction becomes due." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 539 F.3d 1039, 1042 (9th Cir. 2008); *see also Coleman v. Newsom*, 131 F.4th 948, 963 (9th Cir. 2025) (holding similar sanctions "fundamentally coercive and civil because, so long as 'the jural command is obeyed, the future, indefinite, daily fines are purged'" (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994)).

Here, Johnson received multiple such opportunities but instead simply opted out of compliance. Although Johnson avers impossibility as an excuse, D.E. 13.1 at 5, that issue is (1) irrelevant to the distinction between civil and criminal contempt and therefore (2) equally irrelevant to the absence of jurisdiction over his putative appeal.

Moreover, and in any case, the District Court properly recognized that contemnors like Johnson must demonstrate the *factual* impossibility

6

of compliance. Dkt. 243 at 3–4; *see Coleman*, 131 F.4th at 960. That requirement is not met by Johnson's purely subjective belief that the PI Order contemplates an "overbroad search" (Dkt. 13.1 at 5)—the sole basis of his affirmative defense of impossibility. *See FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1241 (9th Cir. 1999) ("[T]he party asserting the impossibility defense must show 'categorically and in detail' why he is unable to comply." (quoting *NLRB v. Trans Ocean Exp. Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973)). Simply put, "[s]elf-induced inability is not a defense to a contempt proceeding." *United States v. Asay*, 614 F.2d 655, 660 (9th Cir. 1980).

It also is no answer to claim, as Johnson does, that the state of his finances creates appellate jurisdiction where none otherwise exists. For one thing, Johnson's claim of a consensus that the District Court's per-diem fines are "obliterating" his savings is inaccurate for the simple reason that Johnson has yet to pay even a cent towards satisfying them. For another, "like the civil contemnor imprisoned with the 'keys of his prison in his own pocket,' [Johnson] ha[s] full power to circumvent the sanctions [he] now faces." *Coleman*, 131 F.4th at 963 (quoting *Gompers*, 221 U.S. at 443).

That power renders the District Court's imposition of a per-diem fine a classic fine attendant to a finding of *civil*, and not criminal, contempt. Opinions from the Supreme Court and this Court alike hold "not that the seriousness of a fine affects whether it is criminal but, instead, that the seriousness of a *criminal* fine affects what due process protections are required." *Coleman*, 131 F.4th at 964. Because no such criminal fine exists here, no jurisdiction exists over Johnson's interlocutory appeal. *In re Kenny G Enters.*, 692 F. App'x, 950, 953 (9th Cir. 2017) (affirming $1,000 per diem civil contempt fine and imprisonment, despite defendant having "remained incarcerated for civil contempt" for nearly two years with the per diem fines accruing for the same period).

## 4. No State Action Exists.

Johnson's argument that the Contempt Order transforms the PI Order into state action is meritless. That argument unsurprisingly is unsupported by any case law, and, if accepted, would once again necessarily render *any* finding of civil contempt immediately appealable.

There is no single test for state action, and, in fact, this Court has applied four non-mutually-exclusive standards:

> To satisfy the state actor requirement, the party must "fairly be said to be a state actor," which requires that it meet

one of four tests: (1) the private actor performs a traditionally public function; (2) the private actor is a "willful participant in joint activity" with the government; (3) the government compels or encourages the private actor to take a particular action; or (4) there is a "sufficiently close nexus" between the government and the challenged action.

*Children's Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 754 (9th Cir. 2024) (first quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); then quoting *id.* at 941; and then quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)), *cert. denied*, 145 S. Ct. 2846 (2025).

Johnson does not identify which test he believes abrogates the bar against appellate jurisdiction over interlocutory contempt findings, and that failure in and of itself merits the dismissal of his argument. Whatever the test, however, it is well established that "[a]lthough the court assuredly performs a public purpose, a private individual seeking a remedy from a court is seeking gain for him or herself, a purely private act." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 996 (9th Cir. 2013); *see also Melara v. Kennedy*, 541 F.2d 802, 808 (9th Cir. 1976) (holding enforcement of private warehouseman's lien not state action); *cf. Lindley v. Amoco Prod. Co.*, 639 F.2d 671 (10th Cir. 1981) (dismissing, for want of state action, Section 1983 claim arising from allegedly unlawful search of plaintiff's files pursuant to court order).

Simply put, "[o]btaining relief through the judicial system does not constitute 'state action.'" *Mira v. Deutsche Bank Tr. Co. Ams.*, No. CV-25-02640-PHX-SPL, 2025 WL 2373707, at *3 (D. Ariz. Aug. 14, 2025) (citation omitted). Instead, "the Fourth Amendment is implicated only where a search is undertaken under color of law—and clearly here, a civil litigant's inspection of property pursuant to discovery rules expressly providing for such inspection does not implicate the requisite 'state action' on which an alleged constitutional violation may rest." *Aguero v. Esnoz*, No. 1:22-cv-01237-KES-CDB, 2024 WL 3398304, at *3 (E.D. Cal. July 12, 2024).

## C. Conclusion

No jurisdiction exists over Johnson's appeal because the Contempt Order is neither a final decision on the merits appealable of its own right nor an interlocutory order with a statutory or other basis allowing an immediate appeal. The Court therefore should—and must—dismiss this proceeding.

/ /

/ /

/ /

10

Dated: December 23, 2025      Respectfully submitted,

/s/ Sara K. Stadler

| | |
|---|---|
| Dennis L. Wilson | Sara K. Stadler |
| KILPATRICK TOWNSEND & STOCKTON LLP | Theodore H. Davis Jr. |
| | Kristin M. Adams |
| 1801 Century Park East | KILPATRICK TOWNSEND & STOCKTON LLP |
| Suite 2300 | |
| Los Angeles, California 90067 | 1100 Peachtree Street, N.E. |
| (310) 777-3740 | Suite 2800 |
| dwilson@ktslaw.com | Atlanta, Georgia 30309 |
| | (404) 815-6500 |
| | sstadler@ktslaw.com |
| | tdavis@ktslaw.com |
| | kmadams@ktslaw.com |

*Attorneys for Appellee Early Warning Systems, LLC*

11

**CERTIFICATE OF COMPLIANCE**

I certify that:

1.     This motion complies with the type-volume limitation of Cir. R. 27-1(1)(d) because it contains 10 pages, excluding those materials exempted by Fed. R. App. P. 32(f).

2.     This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Century Schoolbook 14-point font using Microsoft Word 365.

DATED:  December 23, 2025.

/s/ Sara K. Stadler
Sara K. Stadler
KILPATRICK TOWNSEND &
  STOCKTON LLP
1100 Peachtree Street, N.E.
Suite 2800
Atlanta, Georgia 30309
(404) 532-6908
sstadler@ktslaw.com